**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| ALLEN CORPORATION OF AMERICA, INC., ) <br> 10400 Eaton Place, Suite 450 ) <br> Fairfax, Virginia  22030 ) <br> ) <br>        Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REGINALD ZAYAS, ) <br> 4411 Rockdale Lane ) <br> Upper Marlboro, Maryland  20772 ) <br> (Prince George's County) ) <br> ) <br> RSP PROFESSIONAL GROUP, L.L.C. ) <br> 4411 Rockdale Lane ) <br> Upper Marlboro, Maryland  20772 ) <br> (Prince George's County) ) <br> ) <br>    Serve:  Lexis Document Services Inc. ) <br>            2711 Centerville Road, Suite 400 ) <br>            Wilmington, DE  19808 ) <br> ) <br> -and- ) <br> ) <br> NIAMBI D. STEWART, ) <br> 9505 Concord Drive ) <br> Upper Marlboro, Maryland  20772 ) <br> (Prince George's County) ) <br> ) <br>        Defendants. ) | Civil Action No. _____ |

## **COMPLAINT**

The plaintiff, Allen Corporation of America, Inc. ("Allen Corp."), by its undersigned counsel, sets forth the following as its complaint:

**Parties**

1.  Allen Corp. is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in the Commonwealth of Virginia.

2.  Defendant Reginald Zayas ("Zayas") is a natural person who, upon information and belief, resides and is domiciled in Prince George's County, Maryland.

3.  Defendant RSP Professional Group, L.L.C. ("RSP") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Prince George's County, Maryland. Upon information and belief, Zayas is the sole member of RSP. RSP's existence has been cancelled by the Delaware Secretary of State, and RSP is not currently in good standing with the Maryland State Department of Assessments and Taxation.

4.  Defendant Niambi D. Stewart ("Stewart") is a natural person who, upon information and belief, resides and is domiciled in Prince George's County, Maryland. Stewart is a friend of Zayas.

**Jurisdiction and Venue**

5.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1367, in that Allen Corp. is a citizen of the Commonwealth of Virginia, and each of the defendants is a citizen of the State of Maryland, and the amount in controversy exceeds $75,000. Further, to the extent any claims set forth herein are not otherwise within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), in that this is the judicial district in which all of the defendants reside.

## Facts

7.      Allen Corp. is a professional services company offering information technology, logistics, and training solutions to the private and public sectors, in the fields of, *inter alia*, logistical operations, information technology security, training, enterprise management, network engineering, and telecommunications.

8.      In 2005, Allen Corp. hired Zayas as its Controller. Zayas continued in his role as Allen Corp.'s Controller, at Allen Corp.'s Virginia headquarters, until October 2014, when his employment was terminated for reasons unrelated to the matters alleged in this Complaint.

9.      As Allen Corp.'s Controller, Zayas was afforded great trust by Allen Corp. Zayas had access to Allen Corp.'s bank accounts, receipts, deposits, and financial information at all times.

10.     Zayas reported and represented to Allen Corp., at all times while he was Controller, that Allen Corp.'s receipts and disbursements were properly and accurately accounted for, and did not disclose any material shortfalls in Allen Corp.'s accounts.

11.     Allen Corp. believed Zayas' reports of representations regarding its receipts, disbursements and accounting, and relied upon the same.

12.     After Zayas' employment with Allen Corp. was terminated, persons other than Zayas were assigned to reconcile Allen Corp.'s bank accounts, and to review Allen Corp.'s receipts, disbursements and accounts.

13.     Upon review of Allen Corp.'s receipts, disbursements and accounts after Zayas was terminated, it was discovered that during the period from March 30, 2012 through August 27,

2014, Zayas authorized and effected funds transfers from Allen Corp.'s accounts to RSP totaling $2,404,865.

14. RSP was not a vendor to Allen Corp., nor did it perform any services or provide any goods to Allen Corp. Upon information and belief, RSP is a shell company owned by Zayas and formed or maintained for the purpose of receiving and laundering money Zayas was stealing from Allen Corp.

15. RSP was not entitled to any payments from Allen Corp., and Allen Corp. did not authorize Zayas to pay any amount to RSP.

16. Upon review of Allen Corp.'s receipts, disbursements and accounts after Zayas was terminated, it was also discovered that during the period from March 14, 2013 through August 14, 2014, Zayas authorized and effected funds transfers from Allen Corp.'s accounts to Stewart totaling $74,250.

17. Stewart was not a vendor to Allen Corp., nor did she perform any services or provide any goods to Allen Corp. Stewart was receiving Allen Corp.'s funds from Zayas for either reasons of her personal enrichment as Zayas' friend, or to receive and launder money Zayas was stealing from Allen Corp.

18. Stewart was not entitled to any payments from Allen Corp., and Allen Corp. did not authorize Zayas to pay any amount to Stewart.

19. Upon review of Allen Corp.'s receipts, disbursements and accounts after Zayas was terminated, and investigation of other matters, it was further discovered that in late 2012, Zayas was adjudicated by the Circuit Court of Prince George's County, Maryland, to have fathered a

child with a woman, not his wife, named Tiffany Jeanette Nance ("Nance"), and was ordered to begin paying child support to Nance.

20. Shortly after the order of the Circuit Court of Prince George's County was entered, Zayas began authorizing and effecting funds transfers from Allen Corp.'s accounts to Nance. These transfers began on January 30, 2013 and continued through August 21, 2014, totaling $28,650.

21. Nance was not a vendor to Allen Corp., nor did she perform any services or provide any goods to Allen Corp. Upon information and belief, Zayas misappropriated these funds to pay his child support obligations to Nance.

22. Nance was not entitled to any payments from Allen Corp., and Allen Corp. did not authorize Zayas to pay any amount to Nance. However, Allen Corp. has elected at this time to not seek relief from Nance in this action, reserving the right to seek to add her as a party should discovery reveal reasons to do so.

**Count 1 – Breach of Duty of Loyalty and Fiduciary Duty (Zayas)**

23. The allegations in paragraphs 1 through 22 are incorporated herein as if fully set forth.

24. As an employee of Allen Corp., and as Allen Corp.'s Controller, Zayas was obligated, and had a duty, to act solely for the benefit of Allen Corp. in all matters within the scope of his employment.

25. As an employee of Allen Corp., and as Allen Corp.'s Controller, Zayas was obligated, and had a duty, to avoid all conflicts between his duty to Allen Corp. and his personal benefit.

26.     As an employee of Allen Corp., and as Allen Corp.'s Controller, Zayas was obligated, and had a duty, to not misappropriate Allen Corp.'s money or property.

27.     Notwithstanding his duties as aforesaid, Zayas willfully, wrongfully and for the sole benefit of himself, a company controlled by him, his friend, and/or his child, misappropriated and paid without basis more than $2.5 million of Allen's funds.

28.     As a direct and proximate result of Zayas' breaches of his duties as aforesaid, Allen Corp. suffered damages in excess of $2.5 million.

29.     Zayas' actions and conduct as aforesaid demonstrate his actual malice and were brought about by evil motive, intent to injure, and fraud.  Zayas had actual notice of what he was doing, and had a conscious and deliberate disregard for the foreseeable harm his misappropriation would cause.

WHEREFORE, Allen Corp. respectfully requests that the Court enter judgment in its favor, and against Zayas, for compensatory damages of not less than $2.5 million; for punitive damages in the amount of $5 million; for prejudgment and post judgment interest; for Allen Corp.'s reasonable attorneys' fees; and for all costs of this proceeding.

## Count 2 – Fraud (Zayas)

30.     The allegations in paragraphs 1 through 29 are incorporated herein as if fully set forth.

31.     As Allen Corp.'s employee and Controller, Zayas had at all times a duty to accurately disclose to Allen Corp. all receipts to Allen Corp.'s accounts, and all disbursements of funds to others.  In particular, Zayas had a duty to disclose to Allen Corp. any wrongful disbursements or misappropriations of Allen Corp.'s funds.

32. Notwithstanding his duties as aforesaid, Zayas failed to reveal to Allen Corp. the wrongful payments of Allen Corp.'s funds to RSP, Stewart and Nance.

33. Zayas' concealment of and failure to reveal to Allen Corp. the wrongful payments of Allen Corp.'s funds to RSP, Stewart and Nance was intentional and made with the purpose of defrauding and deceiving Allen Corp.

34. Allen Corp. acted in reliance on Zayas' concealment of and failure to reveal the wrongful payments of Allen Corp.'s funds to RSP, Stewart and Nance, in that it did not stop or prohibit the wrongful funds transfers.

35. As a direct and proximate result of Zayas' fraudulent concealment as aforesaid, Allen Corp. suffered damages in excess of $2.5 million.

36. Zayas' actions and conduct as aforesaid demonstrate his actual malice and were brought about by evil motive, intent to injure, and fraud.  Zayas had actual notice of what he was doing, and had a conscious and deliberate disregard for the foreseeable harm his misappropriation would cause.

WHEREFORE, Allen Corp. respectfully requests that the Court enter judgment in its favor, and against Zayas, for compensatory damages of not less than $2.5 million; for punitive damages in the amount of $5 million; for prejudgment and post judgment interest; for Allen Corp.'s reasonable attorneys' fees; and for all costs of this proceeding.

**Count 3 – Virginia Business Conspiracy Law (Zayas, RSP and Stewart)**

37. The allegations in paragraphs 1 through 36 are incorporated herein as if fully set forth.

38. Zayas, RSP and Stewart combined, associated, agreed, mutually undertook and concerted together to steal and misappropriate Allen Corp.'s funds, for the purpose of injuring Allen Corp. in its business.

39. In conspiring together to steal and misappropriate Allen Corp.'s funds, Zayas, RSP and Stewart acted maliciously, intentionally, purposefully and without lawful justification, thereby enriching themselves, their principals and their friends, while injuring Allen Corp.

40. As a direct and proximate result of Zayas', RPC's and Stewart's conspiracy as aforesaid, Allen Corp. suffered damages in excess of $2.5 million.

41. Zayas', RPC's and Stewart's conspiracy and actions and conduct as aforesaid demonstrate their actual malice and were brought about by evil motive, intent to injure, and fraud. Zayas, RPC and Stewart had actual notice of what they were doing, and had a conscious and deliberate disregard for the foreseeable harm their concerted actions would cause.

WHEREFORE, Allen Corp. respectfully requests that the Court enter judgment in its favor, and against Zayas, RPC and Stewart, jointly and severally, for compensatory damages of not less than $2.5 million, trebled pursuant to Va. Code § 18.2-500; for punitive damages in the amount of $5 million; for prejudgment and post judgment interest; for Allen Corp.'s reasonable attorneys' fees; and for all costs of this proceeding.

**Count 4 – Civil Conspiracy (Zayas, RSP and Stewart)**

42. The allegations in paragraphs 1 through 41 are incorporated herein as if fully set forth.

43. Zayas, RSP and Stewart combined, associated, agreed, mutually undertook and concerted together to steal and misappropriate Allen Corp.'s funds; to facilitate and assist Zayas' breach of his duty of loyalty and fiduciary duty to Allen Corp.; and to facilitate and assist Zayas in defrauding Allen Corp., as aforesaid.

44. Zayas, RSP and Stewart combined, associated, agreed, mutually undertook and concerted together to steal and misappropriate Allen Corp.'s funds, through participating the following overt acts, each of which constituted a wrongful theft and misappropriation of Allen Corp.'s funds:

   A.   Transfers to RSP:

| Date | Amount ($) |
| --- | --- |
| 03/30/12 | 39,875 |
| 04/26/12 | 39,998 |
| 05/24/12 | 38,859 |
| 06/12/12 | 39,875 |
| 07/26/12 | 42,585 |
| 08/06/12 | 40,286 |
| 08/22/12 | 28,010 |
| 09/12/12 | 32,850 |
| 09/27/12 | 38,975 |
| 10/04/12 | 25,550 |
| 10/19/12 | 39,997 |
| 10/26/12 | 38,985 |
| 10/30/12 | 36,589 |
| 11/19/12 | 35,252 |
| 12/13/12 | 39,987 |
| 12/20/12 | 38,995 |
| 12/27/12 | 41,175 |

|  |  |
|---|---|
| 01/30/13 | 42,275 |
| 02/07/13 | 44,650 |
| 02/21/13 | 43,475 |
| 03/01/13 | 69,775 |
| 03/14/13 | 55,675 |
| 03/28/13 | 52,565 |
| 04/29/13 | 89,772 |
| 05/20/13 | 82,658 |
| 06/06/13 | 89,775 |
| 06/13/13 | 49,775 |
| 06/27/13 | 89,775 |
| 08/13/13 | 89,775 |
| 10/11/13 | 17,052 |
| 11/22/13 | 98,750 |
| 12/09/13 | 90,450 |
| 01/17/14 | 101,650 |
| 02/20/14 | 25,575 |
| 03/20/14 | 98,750 |
| 04/17/14 | 62,750 |
| 06/19/14 | 122,750 |
| 07/17/14 | 101,250 |
| 07/30/14 | 83,500 |
| 08/21/14 | 110,500 |
| 08/27/14 | 54,100 |
| **Total** | **2,404,865** |

B.  Transfers to Stewart:

| Date | Amount ($) |
|---|---|
| 03/14/13 | 10,500 |
| 03/28/13 | 10,600 |
| 04/29/13 | 4,200 |
| 05/20/13 | 7,500 |
| 06/13/13 | 9,750 |
| 06/27/13 | 6,000 |
| 08/13/13 | 4,500 |
| 10/11/13 | 2,000 |
| 12/09/13 | 4,500 |
| 01/17/14 | 5,000 |
| 02/20/14 | 2,000 |
| 04/17/14 | 3,500 |
| 06/19/14 | 2,500 |

|        |         |
|--------|---------|
| 08/14/14 | 1,700 |
| **Total** | **74,250** |

C.    Transfers to Nance:

| Date | Amount ($) |
|------|-----------|
| 01/30/13 | 900 |
| 03/01/13 | 900 |
| 03/28/13 | 900 |
| 05/02/13 | 900 |
| 05/20/13 | 900 |
| 06/13/13 | 500 |
| 06/27/13 | 5,400 |
| 08/13/13 | 3,600 |
| 12/09/13 | 4,100 |
| 02/20/14 | 900 |
| 04/29/14 | 2,050 |
| 06/19/14 | 3,600 |
| 07/30/14 | 1,000 |
| 08/21/14 | 3,000 |
| **Total** | **28,650** |

45.    As a direct and proximate result of Zayas', RPC's and Stewart's conspiracy as aforesaid, Allen Corp. suffered damages in excess of $2.5 million.

46.    Zayas', RPC's and Stewart's conspiracy and actions and conduct as aforesaid demonstrate their actual malice and were brought about by evil motive, intent to injure, and fraud. Zayas, RPC and Stewart had actual notice of what they were doing, and had a conscious and deliberate disregard for the foreseeable harm their concerted actions would cause.

WHEREFORE, Allen Corp. respectfully requests that the Court enter judgment in its favor, and against Zayas, RPC and Stewart, jointly and severally, for compensatory damages of not less than $2.5 million; for punitive damages in the amount of $5 million; for prejudgment and post judgment interest; for Allen Corp.'s reasonable attorneys' fees; and for all costs of this proceeding.

### Count 5 – Unjust Enrichment (Zayas, RSP and Stewart)

47. The allegations in paragraphs 1 through 46 are incorporated herein as if fully set forth.

48. As a result of their receipt, theft and misappropriation of funds to which they were not entitled, Zayas, RPC and Stewart received substantial benefits from Allen Corp.

49. Zayas, RPC and Stewart knew they were receiving benefits from Allen Corp. and that they were not entitled to the same.

50. Zayas', RPC's and Stewart's acceptance or retention of such benefits is inequitable without the repayment of the amounts paid by Allen Corp.

51. Allowing Zayas, RPC and Stewart to retain such benefits would constitute unjust enrichment of Zayas, RPC and Stewart at the expense of Allen Corp.

WHEREFORE, Allen Corp. respectfully requests that the Court enter judgment in its favor, and against Zayas, for compensatory damages of not less than $2.5 million; against RPC, for compensatory damages of not less than $2,404,865; against Stewart, for compensatory damages of not less than $74,250; for prejudgment and post judgment interest; and for all costs of this proceeding.

### Count 6 – Constructive Trust (Zayas, RSP and Stewart)

52. The allegations in paragraphs 1 through 51 are incorporated herein as if fully set forth.

53. Zayas, RSP and Stewart received Allen Corp.'s funds by theft, misappropriation, fraud and other improper methods and means.

54. Allen Corp. has a good equitable claim to any assets or properties, real and personal, that can be found to have been received by Zayas, RSP and Stewart, or obtained by them, as a result of the funds stolen from Allen Corp.

55. Under the circumstances, it would be inequitable to allow Zayas, RSP or Stewart to retain the funds stolen from Allen Corp., nor any assets obtained therewith, and a constructive trust should be imposed upon such funds and assets in favor of Allen Corp. as beneficiary.

WHEREFORE, Allen Corp. respectfully requests that the Court (a) charge upon Zayas, RSP and Stewart a constructive trust for the benefit of Allen Corp. with respect to any assets and properties that can be traced to the funds stolen from Allen Corp.; (b) order Zayas, RSP and Stewart, as constructive trustees, to convey to Allen Corp. all assets and properties that can be traced to the funds stolen from Allen Corp.; and (c) order Zayas, RSP and Stewart to pay Allen Corp's attorneys' fees and costs incurred herein.

  /s/ *Timothy B. Hyland*
Timothy B. Hyland (Md. Fed. Bar No. 17777)
Elizabeth A. Dwyer (Md. Fed. Bar No. 18681)
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA  20190
Tel.:   (703) 956-3566
Fax:   (703) 935-0349
Email: thyland@hylandpllc.com
           edwyer@hylandpllc.com